The plaintiff, the operator of a retail service station selling Sun Oil petroleum products, brought this suit on its own behalf and on behalf of a class of approximately 9,000 other Sun Oil outlet purchasers to recover $25 million of oil overcharges sustained by them from 1973 to 1978, which Sun Oil paid over to the United States as a result of a consent order in an administrative proceeding the United States instituted. The United States based the proceeding upon Sun’s alleged violation of the petroleum price and allocation regulations promulgated pursuant to the Emergency Petroleum Allocation Act of 1973 ( "epaa” ), 15 U.S.C. § 751-760h (1976 & Supp. IV 1980) and the Economic Stabilization Act of 1970, as amended. 12 U.S.C. § 1904 note (1976).
The government moved to dismiss the suit on the ground that the district courts have exclusive jurisdiction over claims under epaa. It stated, however, that it would not object to transfer of the case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1506 (1976). The plaintiff responded that "to streamline the resolution of plaintiffs claim” it agreed to such a transfer. The parties subsequently filed a written stipulation for the transfer.
Section 1506 authorizes us to transfer any case filed with us that is within the exclusive jurisdiction of the district court to that court "if it be in the interest of justice.” Although the parties cannot by stipulation effect the transfer of a case to the district court pursuant to section 1506, it appears from the defendant’s motion that the district court has exclusive jurisdiction over this case. The plaintiff could dismiss its case and refile it in the district court. The transfer of the case to the district court would eliminate that unnecessary step. Considering all the circumstances, we conclude that it would be in the interest of justice to transfer this case.
*878 The case is transferred to the United States District Court for the District of Columbia.